IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALIE KING KAMARA,**

       **Plaintiff,**　　　　　　　　　　**Case No. 2:25-cv-513**

     v.　　　　　　　　　　　　　　**District Judge Edmund A. Sargus, Jr.**
　　　　　　　　　　　　　　　　　　**Magistrate Judge Kimberly A. Jolson**

**OLLIE'S BARGAIN OUTLET, et al.,**

       **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Undersigned for consideration of Plaintiff's motions for leave to proceed *in forma pauperis* (Docs. 1, 3) and the initial screen of Plaintiff's Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). Plaintiff's revised motion to proceed *in forma pauperis* (Doc. 3) is **GRANTED**, and her previous motion (Doc. 1) is **DENIED as moot**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. *See* 28 U.S.C. § 1915(a). After conducting the required initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

**I.　　STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure

up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). Nor is it the Court's role to "ferret out the strongest cause of action on behalf of *pro se* litigants" or advise "litigants as to what legal theories they should pursue." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (considering the *sua sponte* dismissal of an amended complaint under 28 U.S.C. § 1915(e)(2)). At bottom, "basic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). In reviewing Plaintiff's Complaint at this stage, the Court must construe it in her favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient. *Id.* at 678 (internal quotation and quotation marks removed). In the end, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation and quotation marks omitted).

**II.    DISCUSSION**

Plaintiff's Complaint is not a model of clarity. As best the Court can tell, Plaintiff sues four Defendants: Ollie's Bargain Outlet, Acting Manager Ben, an unnamed Regional Manager, an

2

unnamed Second Shift Supervisor, and Equal Employment Opportunity Commission (EEOC) mediator Van Eman.  (Doc. 1-1 at 1, 5–6; Doc. 1-2).  Plaintiff appears to allege that Defendants fired her from her position at Ollie's Bargain Outlet and failed to address her EEOC charge, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and Tile VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII").  (Doc. 1-2 (checking boxes on the civil cover sheet for the FLSA and civil rights issues related to employment)).

Specifically, Plaintiff alleges that on May 29, 2023, an "unknown female staff" member yelled at her and "lied on [her]" to the Regional Manager.  (Doc. 1-1 at 5).  The Regional Manager sent Plaintiff home that day.  (*Id.*).  Then, on June 2, 2023, Plaintiff says Acting Manager Ben "was mishandling the merchandise."  (*Id.* at 3).  Plaintiff confronted him, and in response, Acting Manager Ben yelled at her and "told [her] not to tell him what to do." (*Id.*).  Acting Manager Ben then directed her to clean.  (*Id.*).  After that, Plaintiff asked the Regional Manager to "check the camera," seemingly for proof of her version of certain incidents.  (*Id.* at 5 (referencing events on May 29 and June 2)).  The Regional Manager refused to do so.  (*Id.*).  Three days later, on June 5, Acting Manager Ben fired Plaintiff for allegedly not getting along with her coworkers.  (*Id.* at 3).

After her termination, Plaintiff filed a charge with the EEOC, though her Complaint does not specify the basis for her charge.  (*Id.* at 7–10 (documents and emails from the EEOC and its employees)).  During the pendency of her charge, Plaintiff says she contacted Mediator Van Eman multiple times, but he did not respond.  (*Id.* at 6).

Construing these allegations liberally, Plaintiff fails to state a claim against Defendants.  Beginning with Title VII, the statute makes it unlawful "for an employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e–

2(a)(1). Further, under Title VII, a plaintiff also can allege a claim for hostile work environment. To do so, a plaintiff must establish that "(1) she is a member of a protected class[], (2) she was subjected to harassment, either through words or actions, based on [that membership], (3) the harassment had the effect of unreasonably interfering with her work performance and creating an objectively intimating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer." *Grace v. USCAR*, 521 F.3d 655, 679 (6th Cir. 2008).

Plaintiff does not allege she was discriminated against or harassed based upon her membership in a protected class, nor does she even identify a protected class to which she belongs. (Doc. 1-1 at 3–11). Instead, all Plaintiff says is that her firing resulted from "unfair" treatment. (*Id.* at 4). In other words, Plaintiff does not connect her treatment to any protected characteristic. (*Id.* at 3–11). Consequently, she fails to state a claim under Title VII for discrimination or for hostile work environment. *See Williams v. Affordable Dentures, Inc.*, No. 1:18-cv-1033, 2018 WL 3716886, at *1 (N.D. Ohio Aug. 3, 2018) (dismissing a plaintiff's Title VII claim where she alleged she was "treated unfairly" and "wrongfully terminated"); *Bridgeman v. City of Bedford Heights*, No. 1:18-cv-2481, 2019 WL 1469381, at *4–5 (N.D. Ohio Apr. 3, 2019) (dismissing a Title VII claim based upon "unfair treatment" that was not connected to allegations of discrimination); *Spencer v. Hilton Corp. Off.*, No. 2:24-cv-3852, 2022 WL 4753237, at *3 (S.D. Ohio Nov. 12, 2024) (dismissing a hostile work environment claim where the plaintiff did not connect the harassment to her membership in a protected class), *report and recommendation adopted*, No. 2:24-cv-3852, 2024 WL 4931880 (S.D. Ohio Dec. 2, 2024).

Similarly, her allegations fall short of pleading a claim under the FLSA. "The FLSA requires . . . employers to pay employees engaged in commerce a wage consistent with the minimum wage established by the Act" and prohibits employers from "requir[ing] employees to

4

work more than forty hours per workweek unless those employees receive" proper overtime compensation. *Ellington v. City of East Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012) (internal quotations and quotation marks removed). Here, Plaintiff's Complaint focuses only on her termination—not on the pay she received. (Doc. 1-1 at 3–11). Nowhere does she allege that she was paid at a rate below the minimum wage or that she did not receive appropriate overtime compensation. (*Id.*). Without more explanation, Plaintiff fails to provide fair notice of the basis of her FLSA claim. *Brown v. Wieder*, No. 1:24-cv-416, 2024 WL 3877536, at *3 (S.D. Ohio Aug. 20, 2024) (recommending dismissal of an FLSA claim where the plaintiff provided insufficient factual grounds to support it). As a result, it, too, must be dismissed.

In sum, Plaintiff provides only two possible claims in her Complaint: a Title VII claim and an FLSA claim. (Doc. 1-2). For both, she fails to plead enough facts to state a claim upon which relief can be granted. Therefore, the Undersigned **RECOMMENDS** that her Complaint (Doc. 1-1) be **DISMISSED**.

### III. CONCLUSION

The Undersigned **GRANTS** Plaintiff's revised motion for leave to proceed *in forma pauperis* (Doc. 3) and **DENIES as moot** her previous motion for *in forma pauperis* status (Doc. 1). After conducting an initial screen of the Complaint under 28 U.S.C. § 1915(e)(2), the Undersigned **RECOMMENDS** that it be **DISMISSED**.

Date: May 28, 2025            /s/Kimberly A. Jolson
                                               KIMBERLY A. JOLSON
                                               UNITED STATES MAGISTRATE JUDGE

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).