UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALIE KING KAMARA,**

      **Plaintiff,**

v.

**OLLIE'S BARGAIN OUTLET,** *et al.***,**

      **Defendants.**

Case No. 2:25-cv-513
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on an Order and Report and Recommendation (ECF No. 5) issued by the Magistrate Judge on May 28, 2025. After an initial screen of Plaintiff Alie King Kamara's Complaint (ECF No. 4) under 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that the Court dismiss all of Plaintiff's claims in the Complaint for failure to state a claim upon which relief can be granted. (ECF No. 5, PageID 46.) Plaintiff filed a letter (ECF No. 6), which the Court interprets as an Objection to the Magistrate Judge's Order and Report and Recommendation.

For the reasons stated in this Opinion and Order, the Court **OVERRULES** Plaintiff's Objection and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Order and Report and Recommendation.

**I.**     **Background**

As summarized by the Magistrate Judge, Plaintiff sues Ollie's Bargain Outlet, some supervisory employees, and U.S. Equal Employment Opportunity Commission ("EEOC") mediator Van Eman. (ECF No. 5, PageID 43–44.) Construed liberally, Plaintiff, proceeding pro

se, alleges he[1] was employed at Ollie's Bargain Outlet, Defendants fired her, and the EEOC failed to address her EEOC charge, in violation of the Fair Labor Standards Act ("FLSA") and Title VII of the Civil Rights Act of 1964. (*Id.*) Preceding her termination, she experienced interpersonal conflicts with coworkers and accused the Acting Manager of mishandling merchandise. (*Id.*) The Court has reviewed the Complaint and adopts the Magistrate Judge's description of the facts alleged.

## II.     Order and Report and Recommendation

In her May 28, 2025 Order and Report and Recommendation, the Magistrate Judge concluded that Plaintiff failed to state a claim against Defendants under Title VII or the FLSA. (ECF No. 5, PageID 44–46.) She concluded Plaintiff failed to allege she was discriminated against based on her membership in a protected class, meaning her Title VII claim fails. (*Id.* PageID 45.) Regarding Plaintiff's FLSA claim, the Magistrate Judge concluded Plaintiff failed to allege any facts about her pay, so her FLSA claim also fails. (*Id.* PageID 46.) Accordingly, she recommended that the Court dismiss both claims.

## III.    Objection

Plaintiff filed a letter on June 10, 2025. (ECF No. 6.) Although the letter is not directly responsive to the Order and Report and Recommendation, Plaintiff asks the Court not to dismiss the Complaint, so the Court interprets the letter as an Objection. (*Id.*)

Plaintiff states she would like to see Van Eman investigated or disciplined for failure to respond to her inquiries about her EEOC complaint. (*Id.* PageID 48.) She also states she spoke with another EEOC employee and was more satisfied with the situation after that conversation.

---

[1] The Magistrate Judge refers to Plaintiff with "she/her" pronouns throughout the Order and Report and Recommendation. Plaintiff does not identify her gender and does not assert membership in a protected class based on sex or gender, so the Court also refers to Plaintiff with she/her pronouns.

(*Id.*)

IV. **Legal Standard**

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to *de novo* review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

To state a claim upon which relief may be granted, plaintiffs must satisfy the pleading requirements set forth in Rule 8(a), which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (clarifying the plausibility standard from *Twombly*, 550 U.S. at 556). Furthermore, "[a]lthough for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, '[the court is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

Courts liberally construe pleadings by pro se litigants, and such pleadings are subject to "'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)

3

(quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (cleaned up)). The Court must "construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

## V. Analysis

In her Objection, Plaintiff did not argue against the Magistrate Judge's reasoning for recommending that her claims be dismissed for failure to state a claim. Rather, Plaintiff asks the Court to investigate or discipline an EEOC official for allegedly mishandling her EEOC complaint regarding the termination of her employment. She states no cognizable legal basis for such a claim for relief. More importantly, she raised no legal basis for such a claim in her Complaint, even construed liberally based on her status as a pro se litigant.

Furthermore, the Magistrate Judge correctly concluded that Plaintiff's Complaint states no other claims on which the Court can grant relief. Plaintiff did not allege that she was a member of a protected class or that her termination was based on that protected characteristic, which is a required element of claims for discrimination and hostile work environment under Title VII. *See Grace v. USCAR*, 521 F.3d 655, 677–78 (6th Cir. 2008). Additionally, Plaintiff does not assert that her employer failed to properly compensate her work, such as in a claim for unpaid overtime or pay below the minimum wage. Such allegations would form the basis of an FLSA claim, but with no such facts asserted here, Plaintiff does not state a valid FLSA claim. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012) (discussing employers' obligations under the FLSA).

## VI. Conclusion

Accordingly, the Court **OVERRULES** Plaintiff's Objection (ECF No. 6) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Order and Report and Recommendation (ECF No. 5). The Court **DISMISSES without prejudice** the claims in Plaintiff's Complaint. The Clerk is

**DIRECTED** to close the case on the Court's docket and to mail a copy of this Opinion and Order to Plaintiff Alie King Kamara at 363 Schrock Road, Worthington, OH 43085.

    **IT IS SO ORDERED.**

| | |
|---|---|
| **10/15/2025** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |